UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALLISON HORMANN,

                Plaintiff,

                                        Case No. 19-cv-1271-pp

   v.

ANDREW M. SAUL,

                Defendant.

---

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3)

---

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff's affidavit indicates that he is not employed, not married, and he has no dependents he is responsible for supporting. Dkt. No. 3 at 1. The plaintiff lists income of $192 per month from Food Stamps and expenses of $192 per month for food. Id. at 2-3. The plaintiff does not own a home or a car, he has no cash on hand or in a

1

checking/savings account, and he does not own any other property of value. Id. at 3-4. The plaintiff states, "I live with my parents. My parents are currently providing me a place to live and provide the basic essentials for me to live. I am only responsible for buying myself food with the use of my food stamps." Id. at 4. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint states that his applications for Supplemental Security Income and disability insurance were denied by the Social Security Commissioner for lack of disability. Dkt. No. 1 at 1. The plaintiff states that he is disabled and that the Commissioner's conclusions and findings of fact when denying benefits to the plaintiff are not supported by substantial evidence and are contrary to law and regulation. Id. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the

Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 3rd day of September, 2019.

BY THE COURT:

**HON. PAMELA PEPPER**
**United States District Judge**